FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 30 2013

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                              No. 4:11CR00290-07 JLH

LYNSAY HENRY                                                         DEFENDANT

## ORDER

On October 31, 2012, this Court sentenced Lynsay Henry to a term of thirty months in the Bureau of Prisons for conspiracy to possess with intent to distribute Oxycodone. The Court allowed Henry to self-report and gave her a report date of January 7, 2013. On December 19, 2012, Henry was arrested in Sharp County, Arkansas, and charged, among other things with felony theft of property in violation of Ark. Code Ann. § 5-36-103(b)(3)(C), second degree forgery in violation of Ark. Code Ann. § 5-37-201, and fraudulent use of a credit card in violation of Ark. Code Ann. § 5-37-207(b)(3). On January 8, 2013, the United States filed a motion for an arrest warrant in this action, stating that Henry had failed to report to the designated Bureau of Prisons facility and had been arrested on new charges and held in Sharp County. The Court granted the motion for an arrest warrant and directed that the warrant be lodged as a detainer with state authorities in Sharp County. On January 16, 2013, Henry entered a guilty plea in the Circuit Court of Sharp County and was sentenced to a term of sixty months in the Arkansas Department of Correction to run concurrent with her sentence in this case.

Henry now asks this Court to amend the judgment in this case to provide that her term of imprisonment in the Bureau of Prisons run concurrent with her term of imprisonment in the Arkansas Department of Correction.

The Court may not modify a term of imprisonment after it has been imposed except in very limited circumstances relating mostly to modifications to the sentencing guidelines. *See* 18 U.S.C. § 3582(c). This statute does not authorize the Court to modify a term of imprisonment after it has been imposed to make it run concurrent with some other term of imprisonment that the offender is serving. *See United States v. Dunn*, 631 F.3d 1291, 1292-93 (D.C. Cir. 2011) ("[A] court's authority in a sentence-reduction proceeding is strictly limited to shortening the length of a prison term and does not relate to collateral matters unrelated to the Guidelines change." (relying on *Dillon v. United States*, --- U.S. ---, 130 S. Ct. 2693, 177 L. Ed. 2d 271 (2010))); *Traynor v. Fed. Bureau of Prisons*, 131 F.3d 152, at *2 (10th Cir. 1997) ("[T]he court has no authority to modify Traynor's sentence retroactively to make it run concurrent to the state sentence he is currently serving.").

The question is whether Henry will receive credit on her federal sentence for the time that she is currently serving in the Arkansas Department of Correction. This Court cannot make that determination. Instead, the issue of whether Henry will receive credit for time served is reserved for the Bureau of Prisons. *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). Administrative procedures exist within the Bureau of Prisons to review any failure to credit time served, should that happen. *Id.* After administrative remedies are exhausted, a prisoner may seek judicial review of the failure to award credit for time served. *Id.*; *see also* 28 U.S.C. § 2241.

Furthermore, the Bureau of Prisons has the authority to designate Henry's present place of incarceration as the place where she will serve her federal sentence. 18 U.S.C. § 3621(b). The effect of such a designation would be to make the federal sentence concurrent with the state sentence. *See Fegans v. United States*, 506 F.3d 1101, 1104-05 (8th Cir. 2007). Henry's recourse, at this time, is to write the regional director of the Bureau of Prisons to request that the Arkansas Department of

Correction be designated as the place of her federal confinement. *See United States v. Stewart*, No. 4:00CR40009-002, 2009 WL 1286490 (W.D. Ark. May 7, 2009).[1]

The motion is denied.

IT IS SO ORDERED this 30th day of May, 2013.

                              J. LEON HOLMES
                              UNITED STATES DISTRICT JUDGE

---

[1] The regional director is J.A. Keller, South Central Regional Office, Federal Bureau of Prisons, 4211 Cedar Springs Road, Dallas, TX 75219. This Court has no objection if the Bureau of Prisons decides to designate the Arkansas Department of Correction as the place where Henry will serve her federal sentence.